UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ONEIL REID,

                Petitioner,

-v-

GEORGE DUNCAN, Superintendent,

                Respondent.

------------------------------------------------------------------X

11 Civ. 3822 (JMF) (HBP)

ORDER ADOPTING
REPORT AND
RECOMMENDATION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/30/12

JESSE M. FURMAN, United States District Judge:

      This petition for a writ of habeas corpus from a state court conviction, filed pursuant to Title 28, United States Code, Section 2254, was referred to Magistrate Judge Henry B. Pitman for a Report and Recommendation. In a Report and Recommendation filed on September 25, 2012, Magistrate Judge Pitman recommended that the petition be denied.

      In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g., Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Petitioner's attention to Rule 72(b) of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Petitioner has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite Petitioner's waiver, the Court has reviewed the petition and Magistrate Judge Pitman's Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. As Magistrate Judge Pitman concluded, Petitioner's claim is procedurally barred because his "appellate submissions were insufficient to put the state courts on notice of a [federal] constitutional violation for habeas exhaustion purposes" and there "are no remaining remedies available to petitioner in the state courts." (Report and Recommendation at 11-14). Given that, Petitioner can gain relief only if he shows cause for the procedural default and prejudice (*id.* at 10-11), which he has not done.

Accordingly, it is hereby ORDERED that Magistrate Judge Pitman's September 25, 2012 Report and Recommendation is ADOPTED in its entirety and that Petitioner's petition for the writ of habeas corpus is DENIED. The Clerk of Court is directed to enter judgment in favor of Respondent and to close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a

2

certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 30, 2012
      New York, New York

_____
JESSE M. FURMAN
United States District Judge